IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEL SOL, L.C.,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CARIBONGO, L.L.C.,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:11CV573DAK<br><br>Dale A. Kimball |

　　　　　This matter is before the court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Or, in the Alternative, Transfer Proceedings.  The court held a hearing on the motion on January 18, 2012.  At the hearing, Plaintiff was represented by Charles L. Roberts and Robyn L. Phillips, and Defendant was represented by Alec J. McGinn and Erin Klug.  The court took the matter under advisement.  The court has considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

BACKGROUND

　　　　　Plaintiff is a company based in Utah that sells products worldwide.  Plaintiff brought this action against Defendant Caribongo, alleging copyright infringement, trademark infringement, trade dress infringement, and unfair competition.  Caribongo's principal place of business is Florida and it operates stores in Florida and South Carolina.  Caribongo's sales records show that

there have been two sales of its products on the internet from purchasers in Utah. Both sales appear to have been made by Plaintiff and/or Plaintiff's attorneys.

There is some dispute about the interactive nature of Caribongo's website. Caribongo claims that is not interactive and Plaintiff claims that it is. Caribongo's own website, www.caribongo.com, allows a potential purchaser to click on a button entitled "Retail." By clicking on that button, the potential purchaser is taken automatically to www.caribongotarponsprings.com. The www.caribongotarponsprings.com website is owned by a different company, Stanford Exchange, a distributor of Caribongo's products.

When clicking on the "retail" button on Caribongo's site, it is not readily apparent to the potential purchaser that he or she has been sent to another company's website. There is no notification given that the user is being transferred to an external website.

Once the potential purchaser is on the www.caribongotarponsprings.com website, he or she can purchase several Caribongo's products. The items can be placed in a cart and when completing the purchase, the user is allowed to select from a drop down menu any state for shipment.

## DISCUSSION

Caribongo moves to dismiss Plaintiff's Complaint, arguing that there is no personal jurisdiction over it in Utah and that venue in Utah is improper. Alternatively, Caribongo asks the court to transfer the case under 28 U.S.C. § 1404.

**1. Personal Jurisdiction**

When a court's jurisdiction is contested, the plaintiff "bears the burden of establishing personal jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149

F.3d 1086, 1091 (10th Cir. 1998); *Electronic Realty Assoc. v. Vaughan*, 897 F. Supp. 521, 521 (D. Kansas 1995) (citing *McNutt v. General Motors*, 298 U.S. 178, 189 (1936)).  However, in the preliminary stages of litigation, the plaintiff's burden is only to establish a prima facie case that jurisdiction exists.  *Electronic Realty Assocs. v. Vaughan Real Estate, Inc.,* 897 F. Supp. 521, 522 (D. Kan. 1995).  "Where . . . there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists."  *Id*.; *see also Soma Medical Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1995).  All factual disputes are resolved in favor of the plaintiff when determining the sufficiency of this showing.  *Wenz v. Memory Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

     Courts recognize two types of personal jurisdiction–general and specific.  Plaintiff does not allege that there is general jurisdiction over Caribongo in Utah.  Caribongo's contacts with Utah are not the type of "continuous and systematic" contacts that would subject it to general jurisdiction in Utah.  *See Helicopteros Nacionales De Columbia, S.A. v. Hall,* 466 U.S. 408, 414-16 (1984).  Therefore, the court will only consider whether there is specific personal jurisdiction over Caribongo.  The Utah Supreme Court has stated that "specific jurisdiction gives a court power over a defendant only with respect to claims arising out of particular activities of the defendant in the forum state.  For such jurisdiction to exist, the defendant must have certain minimum local contacts."  *Arguello v. Industrial Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992).

     "The proper test to be applied in determining whether personal jurisdiction exists over a nonresident defendant involves two considerations.  First the court must assess whether Utah law

confers personal jurisdiction over the nonresident defendant. . . . Second, assuming Utah law confers personal jurisdiction over the nonresident defendant, the court must assess whether an assertion of jurisdiction comports with the due process requirements of the Fourteenth Amendment." *State ex rel. W.A.*, 63 P.2d 607, 612 (Utah 2002). "This test is merely a refinement of [the Utah Supreme Court's] previous tests governing the assertion of personal jurisdiction. It recognizes that the legislature may provide for the extension of personal jurisdiction in statutes other than the long-arm statute." *Id.* The court explained that "[u]nder this new test, however, any legislative enactment of personal jurisdiction, in or out of the long-arm statute, cannot justify on its own the assertion of jurisdiction. The true safeguard on the extension of personal jurisdiction is the constitutional due process analysis, with its focus on minimum contacts and on traditional notions of fair play and substantial justice." *Id.*

In relation to this case, Utah's long-arm statute provides, in pertinent part, as follows:

> Any person ... who in person or through an agent does any of the following enumerated acts, submits himself ... to the jurisdiction of the courts of this state as to any claim arising out of or related to:
> (1) the transaction of any business within this state;
> (2) contracting to supply services or goods in this state;
> (3) the causing of any injury within this state whether tortious or by breach of warranty;
>  . . . .

Utah Code Ann. § 78B-3-205. The statute broadly defines "transaction of business" to mean "activities of a non-resident . . in this state which affects persons or business within the State of Utah." *Id.* § 78B-3-202(2). The long-arm statute states that it is intended to be interpreted broadly "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." *Id.* § 78B-3-201; *see also Starways, Inc. v. Curry*, 980 P.2d 204, 206 (Utah 1999).

Consistent with the long-arm statute's command to apply it as broadly as permitted by due process, the Utah Supreme Court "frequently make[s] a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute." *SII MegaDiamond, Inc. v. American Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998). Therefore, this court will first determine whether the exercise of personal jurisdiction over Caribongo meets federal due process standards.

Under due process standards, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) (citations omitted). The "minimum contacts" necessary for specific personal jurisdiction are established " 'if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those activities.' " *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). If the defendant's activities create sufficient minimum contacts, the court then considers "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.' " *Id.* (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)).

Under the first prong of the due process analysis, the court should "examine the quantity and quality of [defendant's] contacts with Utah." *Id.*; *Arguello v. Industrial Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992). Caribongo argues that there is no specific personal jurisdiction over it for purposes of this case because it did not purposely direct its contacts

towards Utah.  Caribongo asserts that only two purchases of its products have been made to Utah, those purchases were manufactured by Plaintiff, and the website allowing the purchases belongs to another company.   Plaintiff, however, contends that this court can exercise jurisdiction over Caribongo because Caribongo's website purposely directs commercial activity toward Utah residents and Plaintiff's copyright infringement and trade dress claims arise out of and relate to Caribongo's sales activity on its website.

The Tenth Circuit applies the *Zippo* "sliding scale" analysis to determine whether a website purposely directs activities at a given forum state.  *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1296-97 (10th Cir. 1999) (applying *Zippo Mfg. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123-24 (W.D. Pa. 1997)).  Under the *Zippo* test, passive websites that only provide information do not support jurisdiction, whereas those sites that allow business transactions to occur provide sufficient contacts to support personal jurisdiction.  "Whether the exercise of jurisdiction is appropriate depends upon 'the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.'" *Id.* at 1296 (quoting *Zippo*, 952 F. Supp. at 1123-24).

In *Rainy Day Books*, found that a defendant's internet website fell within the category of clearly doing business over the internet because the website permitted a use to subscribe to a mailing list, obtain information about gift certificates, and allowed a user "to purchase books online by clicking on a link to BookSense, a third-party provider of online ordering services." *Rainy Day Books, Inc. v. Rainy Day Books & Café*, 186 F. Supp. 2d 1158, 1164 (D. Kan. 2002).  Similarly, in this case, Caribongo's site provides a retail link that seamlessly allows a user to purchase Caribongo products on the Tarpon Springs website. The Tarpon Springs website,

although owned by a distributor, has only the Caribongo logo at the top.  The purchase process allows a user to create an account or proceed as a guest.  Shipping is allowed to every state in the United States as well as some foreign countries.  Caribongo's own site also allows an established wholesaler to complete and submit purchase orders and has a contact page that allows inquiries regarding orders.

As in *Rainy Day Books*, the court finds that Caribongo is clearly doing business over the internet.  Caribongo has purposefully set up a website providing for a high level of interactivity, which encourages customers to access its website to purchase products.  Even though the ordering process is accomplished through a distributor, Caribongo receives an economic benefit from the sales and the sales appear to the user to be coming directly from Caribongo.

Caribongo argues that Plaintiff has attempted to manufacture minimum contacts in this case by making purchases that demonstrate the ability of a Utah resident to interact with its website.  However, the *Rainy Day Books* court found that the individual orders were not determinative.  Rather, the court explained that "[t]he pertinent inquiry in the personal jurisdiction analysis is whether Defendant, by its own actions, has purposefully availed itself of the privilege of conducting business in this jurisdiction so that it should reasonably anticipate being haled into this forum." *Id.* at 1165.  In *Rainy Day Books*, the court found that "Defendant's own actions of maintaining a commercial website with the knowledge that it allegedly infringed upon Plaintiff's service mark and that Plaintiff's primary bookstore business operated in Kansas . . . created the minimum contacts with the forum." *Id.*

Several courts have found that an interactive commercial website satisfies the minimum contacts requirement regardless of whether sales have actually occurred within the forum.  *Id.*;

*A.L. Enters., Inc. v. Sebron,* 2:08cv536, 2008 WL 4356958, at *2 (D. Utah Sept. 17, 2008); *System Designs, Inc. v. New Customware, Inc.*, 248 F. Supp. 2d 1093, 1101-02 (D. Utah 2003). Like the Defendants in the above cases, Caribongo purposefully established an interactive, commercial website by linking its own website to the Tarpon Springs website. The website also encourages repeated interactions by allowing purchasers to create a username and password for faster future orders. Whether or not the sales to Utah have been by Plaintiff and its attorneys, the nature of the website itself provides jurisdiction. Caribongo's interactive website purposely directs activity to Utah by clearly allowing business with Utah residents.

In *World-Wide Volkswagen*, the Court recognized that "the forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." 444 U.S. 286 (1980). In this case, Caribongo linked its site with its distributors in order to put its products in the stream of commerce with the expectation that the products would be available for purchase throughout the country via the interactive internet site. Therefore, the court concludes that it is not contrary to due process standards to assert jurisdiction over Caribongo.

Furthermore, there is a nexus between the products for sale on Caribongo's website and Plaintiff's claims of copyright and trade dress infringement. Moreover, by infringing on a Utah company's mark, the brunt of any confusion will be felt in Utah. *System Designs*, 248 F. Supp. 2d at 1100 ("[B]y using a Utah mark, the brunt of any confusion would be felt in Utah.").

Finally, Caribongo has not demonstrated why the exercise of personal jurisdiction would be unreasonable. "Courts have held that '[s]ellers cannot expect to avail themselves of the

benefits of the internet-created world market that they purposefully exploit and profit from without accepting the concomitant legal responsibilities that such an expanded market may bring with it." *A.L. Enters.*, 2008 WL 4356958 at *2 (citation omitted). The burden of litigating in Utah is not any greater than the burden Caribongo voluntarily entered into to sell products to Utah. Modern methods of communication reduces the burden of long-distance litigation significantly. The burden of litigating in this case is not so great as to constitute a deprivation of due process. The court, therefore, concludes that the exercise of jurisdiction in this case is reasonable under constitutional standards. Accordingly, the court denies Caribongo's motion to dismiss for lack of personal jurisdiction.

**2. Venue**

Even if Plaintiff can show jurisdiction over Caribongo in Utah, Caribongo argues that venue is still improper. In a case not founded solely on diversity of citizenship, venue is proper in "a judicial district where the defendant resides." 28 U.S.C. § 1391(b)(1). For purposes of venue, "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c). Because the court concludes that Caribongo is subject to personal jurisdiction in this judicial district, venue is proper in this district under § 1391.

**3. 28 U.S.C. § 1404**

Alternatively, Caribongo argues that this case should be transferred under 28 U.S.C. § 1404 to Florida because that state is the most convenient forum. Pursuant to 28 U.S.C. § 1404(a), an action may be transferred from a forum where venue is proper, to another forum where the action could have been brought, for the convenience of the parties and witnesses. 28

U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Accordingly, in a motion to transfer, the moving party must clearly establish that: (1) the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice; and (2) the transferee court is a proper forum in which the action could have been brought originally. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 634 (1964); *See also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). The decision of whether to transfer an action is within the discretion of the trial court. *Wm. A. Smith Contracting Co., Inc., v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972).

The moving party in a motion to transfer has the burden of demonstrating that the existing forum is inconvenient and that the transferee forum is more convenient. *Chrysler Credit Corp.*, 928 F.2d at 1515. The United States Supreme Court has held that "[s]ection 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen*, 376 U.S. at 646. Furthermore, transfer is not warranted if it merely shifts the inconvenience from one party to the other. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

The Tenth Circuit has established a number of factors a district court should consider in determining whether to transfer a case to another forum, including:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure the attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of

> having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co.*, 371 F.2d at 147.) The Tenth Circuit has held that "[u]nless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Wm. A. Smith Contracting*, 467 F.2d at 664.

Caribongo argues that Florida is the most convenient forum because its business activities, products, operations, and employees are all in Florida. Caribongo claims that if it is infringing Plaintiff's copyright, the evidence of such infringement would be in Florida. Plaintiff, however, argues that evidence of infringement and its damages are also present in Utah. Plaintiff selected this forum because its principal place of business is in Utah. Plaintiff contends that it has as many witnesses for its side who are located in Utah as Caribongo will have in Florida. Neither party has identified its witnesses, therefore, it is difficult for the court to find that Caribongo has met its burden on this factor. There is no evidence that Caribongo will have witnesses who are unwilling to testify in this district.

Caribongo also asserts that it is a much smaller company than Plaintiff. Plaintiff is a large, worldwide company that operates several stores in Florida. While Plaintiff appears to have more retail stores worldwide, Caribongo's website demonstrates that it is also selling products to foreign countries as well. Caribongo has alleged that it will be a financial burden to litigate in this district, but it has presented no evidence to support the allegations.

Caribongo's arguments do not show that this court is more inconvenient for it than Florida would be for Plaintiff. The relevant documents, evidence, and witnesses appear to be split between Utah and Florida. In addition, both parties conduct business in the other district. Unless the balance is strongly in favor of the movant, Plaintiff's choice of forum should rarely be

disturbed. *See Wm. A. Smith Contracting*, 467 F.2d at 664. Therefore, the court concludes that 28 U.S.C. § 1404(a) does not warrant transferring the action to Florida because Caribongo has not met its burden of demonstrating that the *forum non conveniens* factors weigh strongly in its favor. Accordingly, the court denies Caribongo's motion.

## CONCLUSION

Based on the above reasoning, Defendant Caribongo L.L.C.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Or, in the Alternative, Transfer Proceedings is DENIED.

DATED this 17th day of February, 2012.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge